GEORGE W. CARR v. E. & T. FAIRBANKS & CO., *Trustees of* JOHN BRUSAT.

*Trustee process.*

If a person summoned as trustee is not, when summoned, indebted to the principal defendant in a sum exceeding ten dollars, and does not subsequently, before making his disclosure, become indebted to him to that amount, he cannot be charged as trustee, though there may have been, during that time, mutual dealings between them, upon which the indebtedness of the trustee would have exceeded ten dollars if he had made no payments after being summoned.

TRUSTEE PROCESS. It appeared, from the disclosure of the trustees that, at the time of the service of the writ upon them, they owed the principal defendant $1.45; that the principal de- fendant and his minor son had subsequently worked for them, and that their work amounted to over $50.00; that a day or two after being summoned as trustees, they advanced to the principal defend- ant $24.21 in cash, and had sold him goods from their store, at dif- different times, to the amount of $41.66. On comparing the days when the principal defendant worked with the dates of the charges of the goods to him, it appeared that the trustees were never, at any time during that period, indebted to him to the amount of ten dollars. Upon the disclosure, the county court, December Term, 1855,—POLAND, J., presiding,—adjudged that the trustees were not liable, and that they be discharged with their costs.

Exceptions by the plaintiff.

*S. W. Slade* for the plaintiff.

A person summoned as trustee is liable for all then in his hands, and for all that may thereafter come into his hands before disclo- sure; and his liability for what thus comes into his hands is not affected by the fact that he could not have been adjudged liable for it at the time of his summons; *Newell* v. *Ferris & Tr.,* 16 Vt. 135; *Hurlburt* v. *Hicks & Tr.,* 17 Vt. 193; *Weller* v. *Weller & Tr.,* 18 Vt. 55; *Spring* v. *Ayer & Tr.,* 23 Vt. 516; *Seymour* v. *Cooper & Tr.,* 25 Vt. 141; Comp. Stat. chap. 32, § 2.

The trustee, when the process is served, becomes the depositary of any and all goods, effects and credits of the debtor, which he then has, and all which may come into his hands up to the time he makes his disclosure. All effects and all credits, as they come to his hands, are to be kept on foot, and are confined and fastened there until the law determines to whom they shall go; *Lyman et al.* v. *Orr & Tr.,* 26 Vt. 119.

The statute protects a trustee by giving him a lien on the effects or credits in his hands, to the extent of any debt due to him from the debtor before the process was served, and allows him to deduct its amount and pay the balance only. But, after service of the process, if he sees fit to trust the debtor, he does so at his own risk, and cannot hold the funds for such a debt, because the plain-

tiff in the trustee process has obtained a prior lien by his attach-
ment of the funds which he holds to respond his judgment. Any
transaction by a trustee, after service of the process, which oper-
ates as a payment, or is intended to divert the funds secured by the
attachment, or which is designed to render the creditor's lien less
beneficial to him, is a fraud upon the creditor and upon the statute.

If there was any probability that this process would operate as
a hardship, or to the disadvantage of the trustees, they should have
availed themselves of the provisions of the statute, enacted for the
relief of trustees, in cases where injuries to them would be likely
to ensue between the service of the process and the return day.
Comp. Stat. chap. 32, § 75.

*P. H. White* for the trustees.

It appears from the disclosure, that neither at the time of serv-
ing process, nor at any time thereafter up to the day of disclosure,
were the trustees indebted to the principal debtor in a sum exceed-
ing ten dollars. They are, therefore, entitled to be discharged, by
virtue of the Comp. Stat. chap. 32, § 72.

A person summoned as trustee may lawfully pay the principal
debtor if the debt is so small that the trustee would be discharged
on disclosure. The trustee is under no obligation to withold pay-
ment on account of the possibility that the debt may be sufficiently
increased to make him chargeable.

The principle for which the plaintiff contends would prohibit all
dealings between the trustee and the debtor, except such as are for
the benefit of the creditor. Not so are the authorities. *Seymour*
v. *Cooper*, 25 Vt. 141 ; *Worthington* v. *Jones & Tr.*, 23 Vt. 546.

Sections 75, 76 and 77 of the Compiled Statutes, chap. 52, were
not designed for cases like this, but for the *accommodation* of the
trustee, in all cases where it would be inconvenient for him to
attend at the return day.

The opinion of the court was delivered by

BENNETT, J. The only question in this case concerns the
trustees. The statute enacts that "if the goods, effects and cred-
its, in the hands of the trustee, shall not exceed in value the sum
of ten dollars, the trustee shall be discharged, and shall recover
his costs."

We learn from the disclosure, that neither at the time this process was served, nor at any one time since, up to the time of the disclosure, were the trustees indebted to the principal debtor in a sum exceeding ten dollars.

. The effect of the statute is to prevent the trustee process from attaching, where the indebtedness does not exceed ten dollars; and if the indebtedness at no time exceeded ten dollars, there was no time in which the attachment was operative. If the attachment could not be made *operative* at any one time, we cannot see how the trustees can be made chargeable, although if they had made no payments, their indebtedness, subsequent to the service of the trustee process, might have exceeded ten dollars.

Judgment of the county court affirmed with costs.