ISAAC McDANIELS *v.* LEANDER MORTON AND TRUSTEES
THACHER AND HENSHAW.

*Trustee Process.   Commencement of suit.*

At the time of the service of the trustee process, the trustees were indebted to the principal debtor in a sum less than ten dollars.   Afterwards and prior to the disclosure of the trustees, the principal debtor performed services for them to an amount much exceeding ten dollars; but the trustees disclosed that it had been their custom to pay him as often as he earned ten dollars, and it did not appear from the report of the commissioner to whom the case was referred, that the amount due from the trustees ever exceeded ten dollars at any one time ;   *Held,* that under the law as it existed prior to the passage of act No. 16, of 1856, the latter fact should appear affirmatively upon the report to entitle the plaintiff to a reversal of the judgment of the court below discharging the trustees.

The commissioner was unable to determine whether the writ issued before or after the enactment of No. 16, of the laws of 1856 (which exempts the personal earnings of debtors accruing to them after the service of the trustee process.)   The writ was dated before the passage of the act, but was not served till about three months after its passage ;   *Held,* that the time when the writ was actually issued must determine when the suit was brought; that its date was *prima facie* evidence of the time of its issue; but that in this case the length of time (four months) which elapsed between its date and service, and the fact that the plaintiff's attorney who made it was unable to say that it was made at its date, and said that it was not then put into the officer's hands, tended to show that it was not issued at its date; that it did not therefore affirmatively appear that the suit was brought before the passage of the act in question, or, consequently, that there was error in the judgment below discharging the trustees on account of such personal earnings of the principal debtor.

TRUSTEE PROCESS.   The case was referred to a commissioner who reported the following facts :

At the time of the service of the process upon the agent of the trustees, there was due from the trustees to the defendant the sum of eight dollars and five cents.   If the labor performed on the same day of the service of the process is reckoned, then the trustees were indebted to the defendant in the sum of nine dollars and twenty cents.   The trustees were the trustees of the second mortgage bonds of the Rutland and Burlington Railroad Company, and the principal debtor was a laborer in their employ. After the service of the process in this cause and previous to the hearing before the commissioner, the defendant had labored for

the trustees, and the trustees had paid him for his services as follows : in March twenty-five days ; in April twenty-four days ; in May seven days ; in June twenty-six days ; in July twenty-six days ; in August seventeen days ; in September sixteen days ; in October eighteen days ; in November twenty-five days ; all at the rate of thirty dollars per month. The commissioner further found that the plaintiff's writ in this cause was dated, the 27th of October, 1856. It was served on the 26th of February, 1857, but the precise day on which the same was actually issued was not shown, nor was the commissioner able to determine. All the indebtedness of the trustees to the defendant was for personal services rendered after the first of February, 1857, and (with the exception of seven or eight days services) after the service of the plaintiff's writ.

George B. Gibbons, the agent of the trustees, testified in his disclosure before the commissioner, that it had been customary, in paying the defendant, for the clerk of the repair shop to give him an order upon him (Gibbons) as treasurer, whenever the defendant earned ten dollars, and that these orders were paid.

The attorney for the plaintiff testified that he had no very distinct recollection of the time the writ in this case was made, and could not say whether it was or was not made at the time of its date ; it was not put into the hands of the officer at the time of its date.

The court, at the September term, 1860, PIERPOINT, J., presiding, decided that upon the facts and testimony reported by the commissioner, the trustees were not liable, and rendered judgment for the trustees to recover their costs. To this decision the plaintiff excepted.

*R. R. Thrall,* for the plaintiff.

*Linsley & Prout,* for the trustees.

ALDIS, J. We think the decision of the county court in discharging the trustees, may well be sustained upon two grounds.

I. At the time the writ was served upon the trustees, they were indebted to the defendant only to the amount of nine dollars

and twenty cents.   The trustee discloses that it was his custom to pay the defendant whenever he had earned ten  dollars.   It does not appear upon the report that the amount due from  the trustee ever exceeded ten dollars at one  time.    This fact should appear affirmatively upon  the report.   We  are  not  at  liberty  to  pronounce the  judgment of the court below  erroneous, when it may have been founded upon the  fact  that the  trustee  was  never in debt to the defendant to the amount required by  statute to make him liable.

It is urged that the earnings of the defendant after the service of the writ would increase the nine dollars and twenty cents then due to a sum much beyond the requisite amount.   Unquestionably, if they had not been paid to the defendant as often as they  came to ten dollars ; but they were so  paid.   In  *Carr* v. *Fairbanks & Co. Trustees of Brusat*, 28 Vt. 806, it was decided  that  a trustee not indebted in the sum of ten dollars when the writ was served, might  lawfully pay the principal  debtor for his  earnings thereafter and not be liable, provided at no time he  became  indebted to an amount exceeding  ten dollars, though the mutual dealings afterwards would have increased the debt beyond the ten dollars, if there had been no payments.   This  decision  was prior to the law of 1856, and  would  decide this  case  without  reference to that statute.

II. The act of November, 1856, exempts the personal earnings  of debtors accruing to  them after  the  service of  the trustee writ.    It is claimed that this suit was brought before the passage of the act, and is therefore  not  subject  to  its  provisions, as the act applies only to suits  " thereafter brought."

The  writ  was  dated  October 27,  1856, (prior to  the  act ;) it was  served  February  26,  1857, (after the act ;)  the commissioner is unable to determine when  it issued, whether  before  or after  the  enactment  of  the  statutes.    The time the writ was actually issued must determine when  the suit was  brought.    Its date is *prima facie* evidence to  show  when  it was  issued.    But in this case the length of time that elapsed between its date and service (four months,) and the  fact  that  the  attorney  who made it (Mr. Thrall,) is unable to  say  that  it  was  made at its date, but says that it was not then put into the hands of the officer,

tend to show that it was not issued at its date. With these conflicting facts, and with the fact reported by the commissioner, that he cannot determine when it was issued, it does not affirmatively appear that the suit was brought before the 14th of November, A. D. 1856, the time the act was passed ; and without this it does n ot appear that there is error in the judgment of the court below. All presumptions are to be made in favor of the judgment. We never presume error—or facts necessary to establish error. On this ground, therefore, we feel required to affirm the judgment.

Judgment affirmed.