DIANTHA M. HALL *vs.* GEORGE H. HARTWELL & trustees.

Hampshire. Sept. 21. — Oct. 21, 1886. DEVENS & W. ALLEN, JJ., absent.

In a trustee process, where there are successive services of the writ upon the trustee, under the Pub. Sts. c. 183, § 8, and the action is on a demand for necessaries, the trustee is entitled, under § 30, to reserve from the amount due the defendant for personal labor the sum of ten dollars at the time of each service.

TRUSTEE PROCESS. E. C. Lyman and C. E. Shipman, copartners under the firm name of Lyman and Shipman, were summoned as trustees of the principal defendant. The officer's return upon the writ stated that he made four successive services upon the trustees, on August 1, 8, 15, and 22, respectively. The trustees' answer alleged that, at the time of each service upon them, they had not in their hands or possession any goods, effects, or credits of the defendant except the sum of eight dollars, due the defendant for personal labor and services, which sum, being exempt from attachment, was paid to the defendant. The plaintiff alleged that the action was upon a demand for necessaries; and moved that the trustees be charged upon their answer.

The Superior Court discharged the trustees; and the plaintiff appealed to this court.

*C. G. Delano,* for the plaintiff.

*H. P. Field,* for the trustees.

C. ALLEN, J. The plaintiff contends that, although the writ was served upon the trustees several times, the various services constituted but one attachment; and that, when the second and all later services were made, the trustees were bound to bear in mind that they had already reserved and paid over eight dollars to the principal defendant, and that they were only entitled to reserve and pay over ten dollars in all. Pub. Sts. c. 183, §§ 8, 30. But we think the statutes should receive a broader construction. The intention was, to enable persons whose earnings are small and often payable to receive the whole of them, without the risk of their being intercepted by the trustee process. Otherwise, a diligent creditor, by making numerous successive services, could reach and appropriate a large portion of the earnings of persons

who might be dependent upon the immediate product of their labor for the necessary support of themselves and their families. If the defendant had worked at the rate of eight dollars a week for four different persons in succession, a week for each, it would hardly be contended that the plaintiff, by summoning each of them as trustee as soon as his indebtedness to the defendant accrued, could hold the surplus of their united indebtedness to him, after reserving ten dollars. The defendant should not be any worse off because he continued in the employ of the same firm. It is more conformable to the obvious intention and policy of the statutes to hold that ten dollars shall be reserved at the time of each service. And such construction is in accordance with the spirit of the cases cited by the trustees.*

*Trustees discharged.*

---

* *Carr* v. *Fairbanks,* 28 Vt. 806. *Collins* v. *Chase,* 71 Maine, 434. *Bliss* v. *Smith,* 78 Ill. 359.