GUISEPPE PALMISCIANO *vs.* DOMENICO RAPONE.

JULY 9, 1915.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(1) *Exemption from Attachment. Original and Mesne Process.*

Under Gen. Laws, 1909, cap. 302, § 5, of exemption from attachment, a debtor is entitled to an exemption of ten dollars on each writ served in an action, whether original or of mesne process.

ASSUMPSIT. Certified under Gen. Laws, 1909, cap. 298, § 4.

VINCENT, J. The above case is certified to this court from the district court of the sixth judicial district in accordance with Section 4, Chapter 298 of the General Laws for our decision. An agreed statement of facts sets forth, ''That the original writ, dated November 3rd, with a return day of November 21st, 1913, was served November 4, 1913, and that on November 10th a writ of mesne process was served November 11, 1913, and returnable on the return day of the writ. The garnishee returned his affidavit of funds in his hands belonging to said defendant and attached by the original writ served on the said 4th day of November the sum of $22.05 and that by the writ of mesne process there was attached on the 11th day of November the sum of $8.46. Prior to and before hearing of said case, which is a suit on promissory note dated December 19, 1912, whereby the defendant promised to pay the plaintiff $40.00 at any bank four months after date, the defendant makes no defence to said action, but claims that the consideration for the note was money loaned and not for necessaries and that the defendant received but $9.90 per week; said defendant therefore claimed his $10.00 exemption under the statute clause 12, Section 5 and Chapter 302 of the General Laws. The question therefore arose, how should the $10.00 exemption be applied.

''*First.* Should a $10. exemption apply to all the funds attached in the suit, entered November 21, 1913; that is, the

sum of $30.51, leaving a balance of $20.51 to be charged in the garnishee's hands.

"*Second.* Does the $10. exemption for necessaries apply to the funds attached by the mesne process writ and the original writ as well? *i. e.* $10. on each writ.

"*Third.* Is the correct construction of said statute that there is an exemption of $10. each week except for necessaries."

It appears from the facts set forth that the plaintiff brought his suit against the defendant by writ dated November 3, 1913, which said writ was duly served on the following day upon the Narragansett Machine Company for the purpose of attaching the personal estate of the defendant in the hands and possession of that corporation.

The garnishee made and returned an affidavit that at the time of such attachment said company had in its hands and possession belonging to the defendant the sum of $22.05.

On the 10th day of November, 1913, the plaintiff issued a writ of mesne process against the defendant which was, on the 11th day of November, 1913, duly served upon the said Narragansett Machine Company for the purpose of making a further attachment of the personal estate of the defendant in the hands and possession of that corporation. The amount attached by this writ, as disclosed by affidavit, was $8.46.

It is provided by statute, General Laws of Rhode Island, Chapter 302, § 5, that certain "goods and property shall be exempt from attachment on any warrant of distress or on any other writ, original, mesne, or judicial." The remainder of the section is devoted to the enumeration of the different classes of property to which the exemption applies and includes the salary or wages due or payable to any debtor not exceeding the sum of ten dollars, &c.

The question raised is, is the defendant entitled under the statute to an exemption of $10.00 upon each of the writs, original and mesne process or is he limited to one exemption of $10.00 for both writs, the writ of mesne process being simply in aid of the original writ? We think that the statute above

referred to is a sufficient answer to this question and that the debtor is entitled to an exemption of $10.00 on each writ whether original or of mesne process.

Our decision is for the plaintiff for $40.00, the amount claimed, and costs and that the garnishee be charged in the sum of $12.05 on the original attachment and that on the second attachment, or attachment by writ of mesne process, the plaintiff holds nothing, the amount attached thereon being less than the amount of the exemption to which the defendant is entitled.

Papers in the case with our decision certified thereon are sent back to the district court of the sixth judicial district to enter judgment upon this decision.

*Easton, Williams & Rosenfeld; Charles R. Easton,* for plaintiff.

*Bennie Cianciarulo,* for defendant.