HOWARD COAL COMPANY

*vs.*

MELVIN H. SAVAGE

and

BATH IRON WORKS, LTD., Trustee. (Appellant)

· Sagadahoc. Opinion March 29, 1917.

*Effect of successive attachments under R. S., 1916, Chap. 91, Sec. 55.*

Action of assumpsit on account annexed with trustee process brought in the Bath Municipal Court. The writ was served three times upon the alleged trustee; the first day of April, the day of the first service, there was due and payable to the principal defendant for his labor for the week next preceding said service the sum of $10.93; at the date of the second service, to wit, the 8th day of April, 1916, there was due and payable to the principal defendant for his labor for the week next preceding said service the sum of $11.76; at the date of the third service, to wit, the 15th day of April, there was due and payable to the said principal defendant as wages for his personal labor for the week next preceding said service the sum of $9.55. All of these sums were paid by the trustee to the principal defendant. Upon hearing, judgment was rendered against the trustee and from that judgment the trustee appealed to the next term of the Supreme Judicial Court.

*Held:*

1. That under R. S., 1916, Chap. 91, Sec. 55, Paragraph 6, the trustee was not chargeable.

2. That where successive trustee attachments are made, the amount so attached cannot be added to avoid the exemption allowed the principal debtor but shall be treated separately and the exemptions allowed the debtor shall apply to each amount so trusteed.

Action of assumpsit on account annexed with trustee process. Judgment was rendered against principal defendant and trustee, from which judgment trustee entered an appeal to Supreme Judicial Court. Case reported to Law Court upon agreed statement of facts, the Law Court to render such final decision thereon as law and justice require. Trustee discharged with costs.

Case stated in opinion.

*Walter S. Glidden,* for plaintiff.

*Joseph M. Trott,* for alleged trustee.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, MADIGAN, JJ.

HALEY, J.   This is an action of assumpsit on account annexed for coal furnished the defendant, brought in the Bath municipal court, where judgment was rendered against the principal defendant for $9.30 damages and $5.70 costs.   Upon a disclosure upon the same day the trustee was charged for $12.24, less it's costs.   Judgment was rendered accordingly, and from that judgment the trustee appealed to the next term of the Supreme Judicial Court for the County of Saga-dahoc, at which court the case was reported to this court upon an agreed statement of facts as to the liability of the trustee, from which it appears that the defendant was in the employment of the trustee as a watchman, and that the trustee, in compliance with the statute, paid the wages earned by the employees up to and including Wednes-day of each week, upon the following Saturday.   The writ was served three times upon the alleged trustee.   The first day of April, the day of the first service, there was due and payable to the principal defend-ant for his personal labor for the week next preceding said service the sum of $10.93, and the same was not held by the said alleged trustee, but was paid over to the principal defendant, as the trustee claims, in compliance with the statute.   At the date of the second service upon the trustee, on the 8th day of April, 1916, there was due and payable to the principal defendant for his personal labor for the week next preceding said service the sum of $11.76, and the same was not held by the said alleged trustee, but was paid over to said principal defendant in compliance, as he claims, with the statute.   The writ was served the third time upon the alleged trustee on the 15th day of April, and there was due and payable to the said principal defendant

as wages for his personal labor for the week next preceding said service the sum of $9.55, and the same was not held by said alleged trustee, but was paid over to said principal defendant, as the trustee claims, in compliance with the statute.

Paragraph 6 of Sec. 55, Chap. 88, R. S., provides, no person shall be adjudged a trustee "by reason of any amount due from him to the principal defendant, as wages for his personal labor, or that of his wife or minor children, for a time not exceeding one month next preceding the service of the process, and not exceeding twenty dollars of the amount due to him as wages for his personal labor."

As said by the court in *Pike* v. *Bannon & Trustee*, 115 Maine, 124, "the history of this sub-section of Sec. 55, Chap. 88, R. S., as shown in it's various amendments and the decisions of the court, make it clear that this sub-section exempts the amount due the principal defendant for his personal labor, or that of his wife or minor children earned during a period not exceeding one month prior to the service of the process with the limitation that the amount so exempt shall not, when the amount in the hands of the trustee is due principal defendant as wages for his personal labor, exceed the sum of $20, and when earned within a period more than one month prior to said service, the amount shall be limited to $10."

It is urged by counsel for plaintiff, that the principal defendant is not entitled to an exemption of $20 upon each of the successive trustee attachments, but that the amounts due him at the time of each service should be added together, which makes a total of $32.44, all of which were admittedly earned within a month and the $20 exemption deducted therefrom. The decisions of this court are to the contrary. In *Haynes* v. *Thompson & Trustee*, 80 Maine, 125, the court held: "The trustee cannot be charged for the sum exempted for personal labor by R. S., viz: twenty dollars earned within one month prior to each service on the trustee." In *Quimby* v. *Hewey*, 92 Maine, 129, there were three services on the trustee. At the time of the first service there was nothing due the defendant. At the time of the second service there was $11.86 due, and, at the time of the third service, $16.31, and the court held that these sums, being less than twenty dollars at the time of each service, were exempt from attachment.

In *Collins* v. *Chase*, 71 Maine, 435, a case in which an attempt was made to hold under a second service what was exempt at the time of

the first service, it was held that the exemption still continued, the court saying: "The provision authorizing further service . upon trustees may have its full fair effect, without applying it to cases in which the garnishee's indebtedness would have been securely held by the first service, had it not been specially exempt by another section of the same statute. We are not willing to hold that a creditor whose demand though otherwise valid . . . . may take away the small sum which the legislature has granted to the laborer's necessities, by manipulation of legal process under another section designed to accomplish other and legitimate ends. We think on the contrary that what would have been lawfully attached under the first service on the trustee, had it not been specially exempted by statute from attachment, ought not to be held under a further service, merely because it was retained in the garnishee's hands by means of the first."

In *Hall* v. *Hartwell & Trustee*, 142 Mass., 447, the same claim was urged by the plaintiff as is urged in this case. The Massachusetts statute at that time exempted ten dollars from attachment on trustee process, and the court stated: "The plaintiff contends, although the writ was served upon the trustee several times, the various services constituted one attachment; and that, when the second and all later services were made, the trustees were bound to bear in mind that they had already reserved and paid over eight dollars to the principal defendant (that being the amount due him at the time of the first service), and that they were only entitled to reserve and pay over ten dollars in all . . . . But we think the statute should receive a broader construction. The intention was, to enable persons whose earnings are small and often payable to receive the whole of them, without the risk of their being intercepted by the trustee process. Otherwise, a diligent creditor, by making numerous successive services, could reach and appropriate a large portion of the earnings of persons who might be dependent upon the immediate product of their labor and the necessary support of themselves and their families. If the defendant had worked at the rate of eight dollars a week for four different persons in succession, a week for each, it would hardly be contended that the plaintiff, by summoning each of them as trustee as soon as his indebtedness to the defendant accrued, would hold the surplus of their united indebtedness to him, after reserving ten dollars. The defendant should not be any worse

off because he continued in the employment of the same firm. It is more conformable to the obvious intention and policy of the statute to hold that ten dollars should be reserved at the time of each service. And such construction is in accordance with the spirit of the cases cited by the trustees." Citing among other cases *Collins* v. *Chase,* supra.

The above cases are conclusive as to the rights of the parties in this case.

*Trustee discharged with costs.*