Submitted on briefs October 16, reversed and remanded November 27, 1917.

## CRITES *v.* BEDE.*

(168 Pac. 941.)

**Exemptions—Property Exempt—Earnings of Debtor.**

1. Under Section 228, L. O. L., providing that the earnings of any debtor for personal services performed within 30 days next preceding the service of any garnishment or other process amounting to $75 or less shall be exempt when needed for the use of the family supported by the debtor's labor, where only $24.18 was due the debtor for services performed within 30 days, it was exempt from garnishment, though he had already been paid by his employer more than $75 for services performed within such 30-day period; it not appearing that he had any other wages due him, or that the prior collections were at the time within his custody or control.

**Exemptions—Protection and Enforcement of Rights—Evidence.**

2. There was no presumption that the debtor still had the amounts previously paid him by his employer, or that they were used or were available for the support of the family.

**Exemptions—Statutory Provisions—Construction.**

3. An exemption statute like Section 228, L. O. L., is remedial in character, and should be liberally construed to effectuate the will of the lawmakers.

**Exemptions—Protection of Rights—Selection.**

4. Where only $24.18 was due a debtor for services within 30 days, and this was all that was garnished, the matter of selection of the amount exempted by section 228, L. O. L., was not involved.

[As to exemptions of earnings and wages from execution and attachment, see notes in 91 **Am. Dec.** 411; 102 **Am. St. Rep.** 81.]

*On exemption of debtor's wages after payment by employer, see note in 18 **L. R. A.** 586.       REPORTER.

From Lane: GEORGE F. SKIPWORTH, Judge.

In Banc.    Statement by MR. JUSTICE BEAN.

This case originated in a Justice's Court of Lane County, Oregon. On February 25, 1916, judgment was rendered against H. D. Crites in favor of Elbert Bede and J. W. Grant for $5.35 and $8.40, costs. Execution issued March 16, 1916, and a copy with notice of garnishment was served upon J. H. Chambers. The garnishee answered that he was indebted to Crites in the sum of $24.18. On March 27th, Crites filed an affidavit showing that the money garnished was earned by him within thirty days next preceding the garnishment, not exceeding the sum of $75, and that the same was necessary for the support and use of his family; that the debt represented in the judgment was not incurred for family expenses. He claimed the money as exempt from such process, and asked that the same be released.

On March 31st, Bede and Grant filed a counter-affidavit to the effect that Crites had earned during the thirty-day period the sum of $110, and that during that time he had drawn $85.82 of said earnings. This affidavit was not controverted. The Justice's Court disallowed the claim of exemption and ordered the $24.18 to be applied on the judgment. Plaintiff Crites sued out a writ of review setting forth all the proceedings in the Justice's Court, and upon the return thereof being made the Circuit Court affirmed the order of the Justice's Court and dismissed the writ of review. From this judgment plaintiff appeals.

Submitted on briefs under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).

REVERSED AND REMANDED WITH DIRECTIONS.

For appellant there was a brief over the name of
*Mr. H. J. Shinn.*

For respondents there was a brief over the name of
*Mr. Elbert Bede, in propria persona.*

MR. JUSTICE BEAN delivered the opinion of the court.

The case involves a construction of Section 228,
L. O. L., which, so far as material to this controversy,
is as follows:

"The earnings of any debtor for personal services
performed by such debtor at any time within thirty
days next preceding service of an attachment, execu-
tion, garnishment, or other process amounting to the
sum of $75, or less, shall be exempt from the effect of
such process when it shall be made to appear to the
satisfaction of the court by the affidavit of such debtor,
or otherwise, that such earnings are necessary for the
use of the family supported wholly or partly by the
labor of said debtor; except when the debt is incurred
for family expenses fifty per centum of such earnings
shall be subject to such attachment, execution, garnish-
ment, or other process."

It is unquestioned that at the time of the garnish-
ment there was due to plaintiff for his personal ser-
vices during the thirty days mentioned in the statute
the sum of $24.18, and no more; that the same was
necessary for the use of the family supported by the
labor of plaintiff; and that the debt for which the judg-
ment was recovered was not incurred for family ex-
penses.

1–4. The position of counsel for defendants is that
the balance of $24.18 due plaintiff is subject to garnish-
ment. The notice of garnishment was served upon
the garnishee for the purpose of subjecting any money
or credits in his hand, to wit, the $24.18 owing or be-

longing to Crites, the execution debtor, to the satisfaction of the creditors' judgment. This money in the hands ·of Mr. Chambers is the only sum in regard to which the claim of exemption can arise. No other funds, either in Crites' possession or elsewhere, are in any way involved. An exemption of wages is intended to include what an employer owes his employee for personal services rendered in that relation: 11 R. C. L., p. 522, § 34. The amount of the earnings, $24.18, garnished, is less than the sum exempted by the statute, and by the plain provisions of that law the same is not subject to such process under the showing made in this case. In their finality the exemption statutes are presumed to be for the benefit of both debtor and creditor. Under a contrary ruling such a laborer would not be permitted to collect the first $75 earned during the thirty days next preceding a garnishment and pay indebtedness, other than that incurred for family expenses, and afterward receive any benefit of the exemption statute. If the creditors desired to have the funds which the debtor had collected prior to the garnishment subjected to the payment of their judgment it was incumbent upon them to take some appropriate proceeding to accomplish that purpose. It is not shown in this case that such prior collections were at the time of the proceeding within the custody or control of the debtor. There is no presumption that he then had them, or that they were used or were available for the support of his family. It does not appear that he has any other wages due him. Such an exemption statute is remedial in character and should be liberally construed so as to effectuate the will of the lawmakers: *Blackford* v. *Boak,* 73 Or. 61 (143 Pac. 1136); 11 R. C. L., p. 492, § 4. We do not consider that the claim of exemption involves the matter of

selection by the debtor which is mentioned in the briefs. There was only $24.18 garnished and it would be impossible for the debtor to select the amount exempted by the statute, $75.00, therefrom. It is stated in 11 R. C. L., page 549, Section 68, thus:

"If the debtor's property does not exceed in value the amount exempted, a selection is not required; for in such case the statute attaches the exemption as absolutely and unconditionally as if the particular property was specially designated and declared exempt."

We are governed by the will of the legislature as expressed in the statute.

It follows that the judgment of the lower court must be reversed and the cause remanded with directions to sustain the writ of review. It is so ordered.

REVERSED AND REMANDED WITH DIRECTIONS.