SHAW, P. J.
 

 Sections 690 and 690.11, Code of Civil Procedure, exempt from execution or attachment, in a case such as we have here, “one-half of the earnings of the defendant or judgment debtor received for his personal services rendered at any time within thirty days next preceding the levy of attachment or execution” upon a proper showing that such half is necessary for the support, of himself and family. The word “received”, here, is not to be taken as requiring that earnings, to be exempt, must be paid over to the judgment debtor. So to construe it would prevent the exemption of earnings which, like those here in question, are levied on by garnishment proceedings before they come into the hands of the judgment debtor, and would very nearly deprive the provision of any effect, for such is the usual course of proceeding when it is sought to reach earnings. The word “received” has some variety of meaning, and may signify “arising and accruing” (52 Cor. Jur. 1192). The liberality of construction which is applied to all exemption statutes
 
 (Wade
 
 v.
 
 Rathbun,
 
 (1937) 23 Cal. App. (2d) 758, 760 [67 Pac. (2d) 765]), requires that it be so construed here. In other words, compensation' for personal services performed becomes, as soon- as it is earned, 4‘earnings received”, and such earnings, if subjected to garnishment proceedings, may be allowed to the judgment debtor as exempt, upon a proper-showing. We are not to be understood as saying that the exemption would not also attach to the proceeds of his earnings in the judgment debtor’s hands, so long as they could be identified as such. That question is not before us and we express no opinion on it.
 

 The provision quoted -from section 690.11 refers to the very money received or due as earnings, not to other in
 
 *Supp. 758
 
 come of an equivalent amount from some other source. When such earnings are before the court, the exemption is not to be denied because the judgment debtor may already have received or there may have become due to him during the thirty-day period other income, no matter what its amount or what disposition he may have made of it. Hence in this ease the facts that real estate rentals accrued to him and he assigned them as security for another debt, do not defeat his exemption claim. If this transfer is for any reason void as to plaintiff, the law affords it ample remedies otherwise.
 

 The other question presented here relates to the manner of applying the exemption to the earnings during the thirty-day period. Defendant’s earnings during that period were “between $125.00 and $130.00”. $78.85 thereof was held under the levy, and the status or disposition of the remainder of such earnings does not appear. There are two possible solutions of the problem. First: If the judgment debtor has already received part of the earnings, this part is to be applied to the exemption and out of the amount levied upon he can claim only enough to complete the exemption, leaving the balance subject to the levy. This is the plaintiff’s contention here. Second: The statutory ratio is to be applied to the amount levied upon by each levy, allowing the judgment debtor as exempt one-half of such amount, regardless of amounts theretofore received or subsequently to be received by him. This is the rule adopted by the trial court.
 

 We conclude that the second of the rules above stated, by which the defendant is allowed as exempt one-half of each part of his earnings (during the thirty-day period) which may be levied upon, as and when the question of exemption arises, regardless of the disposition of any other part of such earnings, best satisfies the purpose of the statute. The other rule would require the court, when a claim of exemption is made, to take an account of the debtor’s entire earnings, as well as those held by the levy, and determine the amount and disposition thereof. Nothing in the statute indicates an intent that the court should embark on such an inquiry. The question of exemption does not arise until there is a levy, and the intent of the statute is that it be determined on facts then . existing. If upon such a levy it appears that the fund held is for earnings of the judgment debtor as described, the statute directs that one-half thereof be allowed to him as ex
 
 *Supp. 759
 
 empt upon the specified showing of necessity. It says nothing else about past events or earnings.
 

 The second rule referred to would also better serve the purpose of the statute to keep the debtor continuously supplied with some means of support for himself and family. In the common case of the man who is paid twice a month for his services, when he receives an instalment of earnings without any levy against him, he is likely to regard it as available and use it all for immediate expenditures, and may pay some of it on his debts, or for other purposes not essential to present support, relying on the next instalment for future support. If within thirty days another levy takes his next instalment of earnings, then, on plaintiff’s contention, he would be told that he has already had his exemption and nothing can be allowed him from this levy, thus leaving him with no means of support for half a month. By the construction adopted here by the trial court a debtor will face no such predicament, for he can count upon the receipt of at least half of each instalment of his earnings, for his support, if needed. Such a construction of a similar exemption statute, allowing as exempt seventy-five per cent of earnings within ninety days, was adopted in
 
 Oil Well Supply Co.
 
 v.
 
 Galbreath,
 
 (1935) 175 Okl. 305 [52 Pac. (2d) 780, 782], The court said: “We do not think it was intended that when the current wages of the head of the family are attached, he should be required to come into court and account for what he had earned and received during any part of this period and then be denied any exemptions if such accounting showed that he had already received three times as much as the sum attached. The theory of exemption statutes is that the debtor should, at the time of the levy, have the right to claim and reserve the specific property exempted to him. The idea prevailing is that the debtor should not be completely stripped and his dependents left destitute at any time, regardless of how prosperous he may have been previously.” (See, also,
 
 Hall
 
 v.
 
 Hartwell,
 
 (1886) 142 Mass. 447 [8 N. E. 333, 334];
 
 Bliss
 
 v.
 
 Smith,
 
 (1875) 78 Ill. 359;
 
 Crites
 
 v.
 
 Bede,
 
 (1917) 86 Or. 460 [168 Pac. 941].)
 

 This case differs from
 
 California United States etc. Corp.
 
 v.
 
 Grodzins,
 
 (1934) 139 Cal. App. 240 [34 Pac. (2d) 192], which involved the exemption of insurance money. There a single sum of money was involved, the exemption applied
 
 *Supp. 760
 
 to a definite part of it only, which the debtor could ascertain at the time of receiving it, and the exemption was not condi: tional on any immediate need for support. Here we have recurring payments of income, and a continuous need for support to be provided from those payments.
 

 The order appealed from is affirmed, respondent to recover his costs of appeal.
 

 Bishop, J., and Schauer, J., concurred.