BISHOP, P. J.
Each party to this appeal appears in three roles. The plaintiff, having obtained a default judgment against the defendants in an action upon a promissory note given upon the loan of money, thereby became a judgment creditor. He had a garnishment levied on one of the employers of the defendant-judgment debtor, Hugh Hooker, impounding, temporarily, his take-home pay to the amount of $452.53 due for personal services rendered within 30 days of the levy. One-half of this sum was immediately released because it was exempted under the first paragraph of section 690.11, Code of Civil Procedure. Thereupon the defendant-judgment debtor, desiring to obtain the half remaining in the marshal’s hands, filed a verified claim of exemption in which he averred that his earning were urgently needed for the use of his family because of two things that he listed in this fashion: Home $125; Pood $200. ‘ ‘ Total listed urgent family needs for the money under levy $325.00.” The judgment creditor filed a counteraffidavit; the matter was brought on for a hearing; the trial court made an order releasing the half still held by the marshal; and the plaintiff-judgment *Supp. 3 creditor became an appellant. We have reached the conclusion that the order should not have been made, the effect of which was to release all of the wages reached by the garnishment.
We hold, first of all, that even assuming that the respondent-judgment debtor needed a sum in excess of $226.26 but less than $452.53 for the support of his family during the period in question, that fact would not justify releasing all of the $226.26 retained by the marshal. Section 690.11, Code of Civil Procedure, is one of the sections listing property that is made exempt by section 690. It reads:
“One-half of the earnings of the defendant or judgment debtor received for his personal services rendered at any time within 30 days next preceding the levy of attachment or execution shall be exempt from execution or attachment without filing a claim for exemption as provided in Section 690.26.
“All of such earnings, if necessary for the use of the debtor’s family, residing in this State, and supported in whole or in part by such debtor unless the debts are: (a) incurred by such debtor, his wife or family, for the common necessaries of life; or (b) incurred for personal services rendered by any employee, or former employee, of such debtor.”
Clearly, one-half of a judgment debtor’s earnings (for personal services rendered within 30 days) is exempt, no matter what his needs, and all of it is exempt, provided that all of it is necessary for the use of the debtor’s family. We do not see how the words used can reasonably be interpreted to mean that all of the earnings are exempt provided the debtor needs one-half for his family. The trial court apparently interpreted the section as we have, and by so doing, we repeat, it had to find that defendant’s needs for his family amounted to at least $452.53 in order to release the balance still held under garnishment.
The case of Medical Finance Assn. v. Rambo (1938), 33 Cal.App.2d Supp. 756 [89 P.2d 159], is not in conflict with the position we have taken. At the time that case was decided, section 690.11 provided that one-half of earnings levied upon were exempt if the half was needed by the debtor or his family, and the court was concerned only about one-half of the $78.85 that had been taken by the marshal, out of some $130 earned, under a writ issued in a case where the debt sued upon was for the services of a doctor (a necessary). The case does, however, answer another question presented by our appeal. The evidence at the hearing revealed that prior *Supp. 4 to the levy the defendant had received $131 from another employer for services rendered during the 30-day period. Should this be added to the $452.53, to determine what were “all of such earnings”? The case cited says “no,” and we are not questioning the correctness of the answer.
Turning now to the evidence, we need do no more, to lay a foundation for a reversal or at least a modification of the order, than to discover that the evidence was insufficient to warrant the release of all the half retained, the effect of which was to release all the earnings that had been garnished. If, as we must, we eliminate all of an item of $65 for rent and all but $22 of an item of $195 for a dentist bill, the total remaining is $332.50, obviously too little to warrant the release of all the sum in the marshal’s hands.
As to the “rent” the defendant testified on direct examination that it amounted to $65 per month. Under cross-examination he explained his answer. It developed that the house in which he and his family lived had belonged to his wife since 1951; that it was free and clear; that the $65 per month was the sum paid his wife’s parents, who gave them the money to buy the house; that the last time the payment had been made was 1 ‘ a year and a half ago. ’ ’ When it was argued to the trial judge that no allowance should be made for rent, in view of this evidence, he stated: “I know, but rent is a necessary item that everybody pays.” Of course this is not so, and it was not so in defendant’s case. His wife’s parents were at most general creditors, and any payment made to them was not for rent, and should not have been included among the items that made up the total necessary for the use of defendant’s family.
As to the dentist bill, the defendant on direct, in response to the question: “Did you have any medical bills for the period thirty days prior to September 11th, the date of the levy?” replied “I had a dental bill for $195.00.” Then these facts came out on cross-examination: shortly before the levy the defendant took his son to a dentist to have two of his front teeth fixed; the dentist “quoted me $195 for the job. The payments are only $22.00 each month”; the work has not yet been done. The defendant produced a bill from the dentist for October; the amount was $22.
The effect of the testimony, direct and cross, was not to create a conflict in the evidence that authorized the trial court to believe the first statements, and to disregard the explanations that demonstrated that the first were erro *Supp. 5 neons conclusions. In such a situation, the appellate court is not bound by the choice made by the trial judge. Wenban Estate, Inc. v. Hewlett (1924), 193 Cal. 675, 693 [227 P. 723]; Gardiner v. Holcomb (1927), 82 Cal.App. 342, 350 [255 P. 523]; Barton v. McDermott (1930), 108 Cal.App. 372, 380 [291 P. 591] ; Baker v. Industrial Acc. Com. (1933), 135 Cal.App. 616, 624 [27 P.2d 769, 772]; Gamberg v. Industrial Acc. Com. (1934), 138 Cal.App. 424, 427 [32 P.2d 413, 414, 415],
At the conclusion of the hearing the trial court announced that it was going to allow the exemption in full, stating “This man’s expenses are over $570 per month.” They totaled $570.50, if the item of $65 for rent and the dentist bill for $195 are included. Eliminating the former and reducing the latter to the sum actually due each month, $22, brings the total to $332.50. The release of all of the earnings was clearly not warranted.
A question remains, calling for the exercise of our discretion. We may modify the order appealed from to provide that all but $120.03 should be released, or we may simply reverse the order for a rehearing before the trial court. We have determined that the latter course is most likely to achieve justice, under the law, in this case. We are led to this conclusion because in much of his testimony the defendant evinced great uncertainty. We are unwilling to stand upon his present figures. Moreover, if they are approximately correct, the parties will recognize the uselessness of further hearing, and the matter will be ended.
The order is reversed for a new hearing in the trial court.
Swain, J., and Kauffman, J., concurred.