352 S.E.2d 41

**Anthony and Lisa MILLER**

v.

**Dennis D. BARRON, Magistrate, Etc., et al.**

**No. 17199.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 10, 1986.

Decided Oct. 29, 1986.

John C. Purbaugh, W.Va. Legal Services Plan, Inc., Charleston, for petitioners.

No Appearance.

MILLER, Chief Justice:

In this case we are asked to determine how the one thousand dollar personal exemption contained in Article VI, Section 48 of the West Virginia Constitution[1] and in W.Va.Code, 38–8–1,[2] should be applied to successive suggestee executions filed against the debtor's employer for his wages.

The respondent magistrate held that when the accumulated amount of wages the debtor exempted in each successive pay period totalled one thousand dollars, the personal exemption would be exhausted with regard to his wages. Thereafter, the debtor's wages would be subject to the suggestee executions without any personal exemption available to the debtor. We believe this ruling was legally incorrect.

There appears to be no disagreement as to the portion of the debtor's wages that is subject to a suggestee execution or other type of possessory lien. This issue was settled in *ACF Industries, Inc. v. Credi-*

---

1. Article VI, Section 48 of the West Virginia Constitution provides:

   "Any husband or parent, residing in this State, or the infant children of deceased parents, may hold a homestead of the value of five thousand dollars, and personal property to the value of one thousand dollars, exempt from forced sale, subject to such regulations as shall be prescribed by law: Provided, that such homestead exemption shall in no wise affect debts or liabilities existing at the time of the adoption of this Constitution and the increases in such homestead exemption provided by this amendment shall in no wise affect debt or liabilities existing at the time of the ratification of such amendment: Provided, however, that no property shall be exempt from sale for taxes due thereon, or for the payment of purchase money due upon said property, or for debts contracted for the erection of improvements thereon."

2. W.Va.Code, 38–8–1, states:

   "Any husband, wife, parent or other head of a household residing in this State, or the infant children of deceased parents, may set apart and hold personal property not exceeding one thousand dollars in value to be exempt from execution or other process, except as hereinafter provided. Any mechanic, artisan or laborer residing in this State, whether he be a husband, wife, parent or other head of a household, or not, may hold the working tools of his trade or occupation to the value of fifty dollars exempt from forced sale or execution: Provided, that in no case shall the exemption allowed any one person exceed one thousand dollars."

*thrift of America, Inc.*, 173 W.Va. 83, 312 S.E.2d 746 (1983). In *Credithrift*, 173 W.Va. at 86, 312 S.E.2d at 749, we explained that under W.Va.Code, 38–5A–3, "the only amount of wages subject to suggestion is twenty percent or the excess over thirty times the minimum wage, whichever is less." We also held that under W.Va.Code, 38–5A–9, the one thousand dollar personal exemption found in our Constitution and W.Va.Code, 38–8–1, can be applied to the remaining amount of wages, i.e., the twenty percent or the excess over thirty times the minimum wage, whichever is less. We summarized this principle in Syllabus Point 4 of *Credithrift:*

"W.Va.Code, 38–5A–9, permits a debtor to apply his one thousand dollar personal exemption under W.Va.Code, 38–8–1 (1974), to the net amount subject to suggestee execution under W.Va.Code, 38–5A–3 (1979)."

At the time *Credithrift* was written, we noted that there was "little direct authority in this area." 173 W.Va. at 86, 312 S.E.2d at 749. However, several courts have construed multiple exemption statutes in a similar manner. *See Matter of Barker*, 768 F.2d 191 (7th Cir.1985) (applying Illinois law); *Johnson v. Ford Motor Credit Co. (In re Johnson)*, 57 B.R. 635 (Bankr. ·N.D.Ill.1986) (applying Illinois law); *Shepard v. Morris (In re Morris)*, 30 B.R. 392 (Bankr.N.D.Ala.1983) .(applying Alabama law); *Holley v. Crow*, 355 So.2d 1123 (Ala. Civ.App.1978); *Walker v. Williams & Bouler Construction Co.*, 46 Ala.App. 337, 241 So.2d 896 (1970); *Advance Loan Co. v. Kovach*, 79 N.M. 509, 445 P.2d· 386 (1968).[3] There is also universal acknowledgment of the principle we laid down in Syllabus Point 2 of *Credithrift:*

"The general rule is that exemption statutes are liberally construed in favor of the debtor."

We made this point earlier and perhaps more eloquently in *State to Use of Burt v. Allen*, 48 W.Va. 154, 162–63, 35 S.E. 990, 993 (1900), that an "exemption statute must be liberally construed to accomplish its object, which is for the protection and benefit of a poor debtor and his helpless family, to give them the bread of life, and a pillow whereon to lay the head, to save them from destitution and absolute want."

Initially, it is important to note that the procedure for claiming the one thousand dollar personal exemption is set out in W.Va.Code, 38–8–3.[4] This section generally requires a debtor who wishes to claim the one thousand dollar personal exemption to file an affidavit itemizing all of his personal property and stating the fair market value [5] of each item. He must also identify

---

**3.** We also note that since our 1983 decision in *Credithrift,* the legislature has not seen fit to amend the exemption statute to change the holding of *Credithrift.*

**4.** W.Va.Code, 38–8–3, in material part, provides:

"When a debtor claims personal property as exempt under the provisions of this article, he shall deliver to the officer holding the execution or other process, a list by separate items with the fair market value of each item, according to the belief of the debtor, of all personal property and estate owned or claimed by him, including money, bonds, bills, notes, claims and demands, with the residence of the person against whom such bonds, bills, notes, claims and demands are. Such list shall also set forth with respect to each such item of personal property and estate the name and address of the holder of and the current amount owing on each lien thereon other than judicial liens obtained by legal or equitable proceedings. The debtor shall verify such list, valuation and lien in-

debtedness by affidavit, which affidavit shall also show that the debtor is entitled to such exemption, and shall specify the character in which he claims to be so entitled, as for example, that he is a husband. If the value of the property named in such list exceeds, as stated therein, one thousand dollars, the debtor shall state at the foot thereof what part of such property he claims as exempt, as aforesaid; but if such value *does not exceed one thousand dollars*, as so stated, the 'claim of exemption shall be held to extend to the whole thereof without stating more; and if no appraisement thereof be demanded, as hereinafter provided, the property so claimed shall be set apart to the debtor as exempt as aforesaid."

**5.** W.Va.Code, 38–8–2, defines "value" as follows: "For the purpose of this article, the term 'value,' when used without any modifying words, means fair market value as of the date the exemption is claimed, less all liens other than judicial liens obtained by legal or equitable proceedings."

the items he wishes to be covered by the exemption.

It is of some significance that under W.Va.Code, 38–8–2, the fair market value of personal property for purposes of the exemption is as of "the date the exemption is claimed." Of more importance is the language in the wage suggestion statute which makes the one thousand dollar exemption available for wages garnisheed. Under W.Va.Code, 38–5A–9, the "exemption may be claimed for sums currently accruing but must be asserted anew as to any salary or wages which shall begin to accrue after the next payment date." [6]

From these statutory provisions, we reach the following conclusions. First, the one thousand dollar personal exemption is based upon the fair market value of the personal property claimed exempt on the date the exemption is asserted. W.Va.Code, 38–8–2. Second, wage payments can be exempted under the personal exemption pursuant to W.Va.Code, 38–5A–9, but the procedure for claiming the exemption is under W.Va.Code, 38–8–3. Third, where wages are claimed to be exempt, a successive exemption affidavit must be filed for each pay period. W.Va.Code, 38–5A–9. Finally, the personal exemption covers the property claimed or selected by the debtor as contained in his exemption affidavit. W.Va.Code, 38–8–3.

It was apparently the respondent's view that because wages when subject to a suggestee execution under W.Va.Code, 38–5A–1 through –13, must be successively claimed to be exempt, then each wage increment that is exempt is deducted from the one thousand dollar personal exemption. However, this conclusion arises from a failure to understand the suggestee wage statute, which permits the creditor to have a one-year lien on the debtor's wages. W.Va.Code, 38–5A–3.[7]

Because wages are normally paid on a periodic basis, the creditor can only reach the wages when they are due to be paid and under W.Va.Code, 38–5A–5, the employer of the debtor is required to pay over to the judgment creditor once every ninety days the amount of wages withheld on the suggestee execution.[8] It is the periodicity of wage payments that requires the debtor to file successive exemptions to claim his personal exemption under W.Va.Code, 38–5A–9.

This procedural point does not compel the conclusion that on filing successive ex-

---

6. W.Va.Code, 38–5A–9, provides, in its entirety:

"A judgment debtor to whom money is due or to become due which would otherwise be subject to suggestion under this article may have the same exempted from levy in the manner and to the extent provided for by article eight [§ 38–8–1 et seq.] of this chapter. The exemption may be claimed for sums currently accruing but must be asserted anew as to any salary or wages which shall begin to accrue after the next payment date. Such exemption shall not be binding upon a suggestee unless and until a certificate of exemption or true copy thereof shall have been delivered to him."

7. The relevant portion of W.Va.Code, 38–5A–3, is: "[T]he execution and the expenses thereof shall become a lien and continuing levy upon the salary or wages due or to become due to the judgment debtor within one year after the issuance of the same...."

8. W.Va.Code, 38–5A–5, in material part, provides:

"A suggestee execution issued under this article against salary or wages shall be served upon the suggestee in the same manner as a summons commencing an action is served. It shall be the duty of any person upon whom such an execution, bearing the notation required by section four [§ 38–5A–4] hereof, shall be served, and who shall at that time be indebted or who shall thereafter become indebted to the judgment debtor named in the execution for salary or wages, and while the execution shall remain a lien upon said indebtedness, to pay over to the officer serving the same or to the judgment creditor such amount of said indebtedness as is required by section three [§ 38–5A–3] hereof during the life of the execution until it shall be wholly satisfied. The sums so paid shall be deducted from the amounts payable to the judgment debtor and such payment shall be a bar to any action by him therefor.

"The suggestee upon whom the execution or any renewal execution is served shall once every ninety days during the life of such execution and any renewal execution pay over to the officer who served the same or to the judgment creditor the full amount of money held or retained pursuant to such execution or renewal execution during the preceding ninety days."

emption affidavits to exempt wages due, the debtor is deemed to have incrementally exhausted his personal exemption by the amount of wages so periodically exempted. It must be remembered that the one thousand dollar personal exemption contained in Article VI, Section 48 of the West Virginia Constitution, and in W.Va.Code, 38–8–1, is based on the value of the personal property claimed in the exemption affidavit on the date it is filed, as against all of the personal property owned by the debtor. This personal exemption is designed to enable the debtor to withhold one thousand dollars of personal property, including wages due, from a creditor's possessory lien.

▪ The personal exemption may be asserted as often as a creditor seeks to attach the debtor's personal property, but it can only shield one thousand dollars of personal property each time it is filed. This situation is analogous to the problem of successive attachment of wages under statutes which enable the debtor/wage earner to exempt a specific dollar amount of his wages. In *Howard Coal Co. v. Savage*, 116 Me. 115, 100 A. 369 (1917), the statute exempted twenty dollars of wages due. The debtor made approximately ten dollars per week and the creditor levied successive attachments. Upon the third attachment, the creditor argued that the twenty dollar exemption had been exhausted by the exemptions claimed on the first two attachments. The court rejected this view and, quoting from *Hall v. Hartwell*, 142 Mass. 447, 448, 8 N.E. 333, 334–35 (1886), stated: " 'It is more conformable to the obvious intention and policy of the statute to hold that $10 should be reserved at the time of each service. And such construction is in accordance with the spirit of the cases cited by the trustees.' " 116 Me. at 119, 100 A. at 370. *See also Medical Finance Ass'n v. Rambo*, 33 Cal.App.2d 756, 86 P.2d 159 (1938); *Chapman v. Berry*, 73 Miss. 437, 18 So. 918 (1895); *Chandler v. White*, 71 Miss. 161, 14 So. 454 (1893); *Oil Well Supply Co. v. Galbreath*, 175 Okla. 305, 52 P.2d 780 (1935); *Crites v. Bede*, 86 Or. 460, 168 P. 941 (1917); *Palmisciano v. Rapone*, 38 R.I. 10, 94 A. 852 (1915); 31 Am.Jur.2d *Exemptions* § 172 (1967).

▪ The point that must be emphasized is that the personal exemption applies as to the value of the property owned at the time the exemption affidavit is filed without regard to any exemptions claimed on prior occasions. If the respondent magistrate's view were to prevail, it would then be logical to conclude that if on an earlier attachment, the debtor had listed an automobile valued at two hundred dollars and subsequently disposed of the vehicle, then in a later attachment the two hundred dollar value for the previously claimed vehicle would have to be deducted from the one thousand dollar exemption.

Furthermore, under the respondent magistrate's view, the one thousand dollar personal exemption would be extinguished forever once the accumulated wage exemptions totalled one thousand dollars. Yet, it is clear, as we have previously explained, that W.Va.Code, 38–8–3, applies to personal property existing on the date the personal exemption affidavit is filed. Personal property, including wages, that has been previously claimed as exempt, but has been disposed of by the debtor, is not required to be listed. It is only personal property currently owned by the debtor on the date the personal exemption affidavit is filed that must be listed.

▪ Thus, the debtor is free to spend or dispose of exempt property without reducing the amount of the one thousand dollar personal exemption. The purpose of the one thousand dollar personal exemption is to erect a barrier around one thousand dollars of the debtor's personal property which the creditor cannot seize through a possessory lien. This amount must be claimed whenever the possessory lien is served and, of course, if the debtor's affidavit shows that his personal property and wages exceed one thousand dollars to this extent they are subject to seizure.

▪ Consequently, we conclude that a judgment debtor who under W.Va.Code, 38–5A–9, successively claims his accrued wages as part of his one thousand dollar personal exemption allowed under W.Va. Code, 38–8–1, is not subject to having his

personal exemption reduced by the prior amounts of accrued wages so exempted.

The debtor asks us to prohibit the respondent magistrate from enforcing his order which we have found to be unlawful. We have held that prohibition is a proper remedy to prevent an unlawful suggestion of wages. *See, e.g.,* Syllabus Point 2, *Rorrer v. Murphy,* 124 W.Va. 1, 18 S.E.2d 581 (1942); Syllabus Point 2, *Kincaid v. Vinson,* 123 W.Va. 149, 14 S.E.2d 266 (1941).

For the foregoing reasons, a writ of prohibition is issued against the respondents. The debtor must be allowed to assert his personal exemption in accordance with the principles discussed herein.

Writ Granted.

NEELY, Justice dissenting:

For the reasons set forth in my dissent in *ACF Industries, Inc. v. Credithrift of America, Inc.,* 173 W.Va. 83, 312 S.E.2d 746, 750 (1983), I dissent.