Judge Green.
In this case, the property was distrained, not on the demised premises, but as the property of the tenant fraudulently removed from them. The property of a third person never was liable to distress, unless it were found upon the premises. Therefore, the Act of 1818, 1 Rev. Code, ch. 113, § 15, exempting the property of strangers found upon the premises, from.distress, provided the party asserted his title by replevin, has no application to this case. H the property in question belonged to the tenant, it was liable to distress; if not, it was not liable even before the Act of 1816. ■
A voluntary conveyance by a party not indebted at the time, is good against subsequent creditors, if the deed be duly recorded, or the possession remain really and bona fide with the donee; otherwise, it is void under our Statute of Frauds. In this case, it is neither alleged nor proved that Isaac Davis was at all indebted, when he made the deed in question to his children; and the only enquiry, in order to determine whether it is valid or void as against Payne, is whether it was duly recorded or not.
The Act to prevent frauds and perjuries, passed in 1785, 12 Slat, at Large, 160, declared all conveyances, not on consideration deemed valuable in law, to be fraudulent within that Act, unless the same be by will duly proved and recorded, or by deed in writing, acknowledged or proved, if the same deed include lands also, in such manner as conveyances of lands are directed by law to be acknowledged or proved; or if it be of goods and chattels only, then acknowledged or proved by two witnesses in the General Court, or the Court of the county wherein one of the parties lives, within eight months after the execu *335 tion thereof, or unless possession shall really and bona fide remain with the donee.
The Act of 1792, regulating conveyances, authorised the conveyances therein mentioned to be recorded in the. General Court, District Courts, or County or Corporation Courts. That Act does not embrace the case of absolute deeds of personal property, nor any description of conveyances of personal property, except marriage settlements and deeds of trust and mortgages.
The Act of 1813-14, directed that all deeds relating to personal property, should be recorded only in the Court of the. county where the property was. This Act, whilst it took away the jurisdiction of the Genei-al and Superior Courts, to admit to record deeds of personal property, and even that of the Corporation Courts, in respect to the description of conveyances allowed to be recorded in them by the Act of 1792, cannot, by any possible construction, be considered as enlarging the provisions of the Statute of Frauds, so as to authorise an absolute deed of personal property to be recorded in a Corporation Court. There never was a time until the last Revisal, when such a deed could be recorded in a Corporation Court. The deed, therefore, under which the appellants claim, being upon its face voluntary, and not recorded as the law required, and possession not .having accompanied it, is void as to creditors-under the Statute of Frauds.
It is insisted, that although it appears that -Payne was a creditor, and had a right to distrain the property of the tenant fraudulently removed from the premises, within the time limited by law, yet it does not appear, that the property was so fraudulently removed, or that it had been on the premises, or that the distress was levied within the time allowed by law; and that the appellants are entitled to the protection of the Court, unless it appears, that Payne was a creditor legally entitled to distrain the property as he did.
*336 I do not think that these considerations, ought to have any weight in a Court of Equity. Payne was a creditor, and had a just right to satisfaction out of the property in question, and could have subjected it at law, if not by distress, by judgment and execution. If he.has proceeded illegally, he is responsible for damages at law, at the discretion of a jury, according to the circumstances as they may appear before them. As against Payne, the appellants have no equity.
The objection, that Mrs. Payne was dead before the distress was levied, need noCbe examined, as the fact does not appear in the record.
Judges Carr and Coalter concurred, and the decree was affirmed.*