# WHEELING.

## STATE FOR USE, &c. *v.* LAMBERT.

Submitted June 13, 1884—Decided July 5, 1884

Upon an action before a justice to recover damages for a breach of the official bond of a constable from the constable and his sureties, the amount of damages alleged and claimed in the summons, and not the penalty of such bond, must be considered in determining the jurisdiction of the justice.

. The facts of the case are fully stated in the opinion of the Court.

*H. C. Showalter* for plaintiff in error.

*Thomas E. Davis* and *L. G. Bennington* for defendant in error.

SNYDER, JUDGE:

This is a writ of error from a judgment of the circuit court

of Ritchie county rendered June 27, 1883. The action was originally brought before a justice of said county in the name of the State of West Virginia suing at the relation of Leman Dotson against Joseph Lambert, constable, and Thos. E. Davis and Wm. Rymer his sureties. The cause of action stated in the summons is "for the recovery of money to the amount of two hundred dollars damages for a wrong in which the plaintiff will demand judgment for two hundred dollars with interest and costs according to law."

On the day set for trial the defendants appeared and moved the justice to dismiss the action on the ground that it was founded on the official bond of the defendant Lambert as a constable and therefore the justice had no jurisdiction to try it, which motion being overruled, the defendants withdrew all their pleadings and thereupon the justice gave judgment for the plaintiff against the defendants for two hundred dollars and costs. The defendants then appealed to said circuit court, and the case having been duly docketed therein, they moved that court to dismiss the action because the official bond on which it was based was in the penalty of three thousand dollars which exceeded the jurisdiction of the justice. This motion the court sustained, and dismissed the action with costs to the defendants.

The jurisdiction of justices is defined in chapter 8 of the Acts of 1881. By section 8 of said chapter it is declared that, "the jurisdiction of justices within their several districts and counties shall extend to all civil actions *for the recovery of money* or the possession of property, including actions in which damages are claimed as compensation for an injury or wrong," *provided* the amount of money or damages does not exceed three hundred dollars, &c. And section 11 declares that, "when the action is in a penal bond, the amount of the damages claimed for the breaches alleged, *and not the penalty*, shall be considered in determining the question of jurisdiction."

These provisions of the statute are so plain and distinct that it is difficult to conceive how they could be misunderstood. An official bond of a constable is certainly a penal bond and it is no less so because it is an official bond. The form of the summons and the statement of the plaintiff's

cause of action are in accordance with the requirements of section 26 of chapter 145 of the Acts of 1882 and are, therefore, proper and sufficient.    But if there had been less technical accuracy the summons should have been held sufficient. The proceedings before justices are necessarily treated with great indulgence, because they are not prepared by those having professional skill in legal forms and therefore a substantial compliance with the statutory requirements is all that can be expected or demanded.

The summons in this case is for two hundred dollars which is within the limits of the justice's jurisdiction and as the statute declares that the damages claimed for the breaches alleged, and not the penalty of the bond sued on, shall determine the jurisdiction, there can be no question that the amount sued for in this case was within the jurisdiction of the justice and that the circuit court erred in dismissing the action for the reason that the penalty of the bond exceeded the jurisdiction of the justice.

Having thus decided the only question presented to this Court by the record, the judgment of the circuit court for the error aforesaid must be reversed with costs to the plaintiff in error, and this Court proceeding to do what the said court should have done, it is ordered that the defendant's said motion to dismiss the action for the want of jurisdiction in the justice upon the ground alleged be overruled, and the case is remanded to said circuit court for further proceedings according to law.

REVERSED.  'DISMISSED.