# CHARLESTON.

MOORE *v.* HARPER *et al.*

Submitted January 28, 1896—Decided April 1, 1896.

1. JURISDICTION—AMOUNT OF CLAIM—JUSTICE OF THE PEACE.
   The amount for which judgment is sought, exclusive of interest and costs, determines the jurisdiction of a justice.

2. REVERSAL—HARMLESS ERROR—EVIDENCE.
   It is not error sufficient to reverse a judgment for the circuit court to admit improper testimony temporarily, and then instruct the jury to disregard it, unless it is apparent from the other evidence in the case that the party complaining was prejudiced by the admission of such improper testimony.

3. ESTOPPEL *In Pais*—ADMISSIONS.
   Where a person, by his conduct, conversation, admissions, or otherwise, allows himself to be held out as a member of a prospective firm, and thereby a third party is induced to credit such firm, such person, to the extent of liability thus incurred, is estopped from denying the existence of such firm.

A. B. PARSONS and L. HANSFORD for plaintiff in error, cited 5 W. Va. 216; 10 W. Va. 115; 20 W. Va. 469; 23 W. Va. 325; 33 W. Va. 230; 1 Greenl. § 177; 2 Id. §§ 482, 483, 484; 2 Lawson, R. R. §§ 639, 640; Abbott Trial Ev. § 11 notes.

C. W. DAILEY and A. JAY VALENTINE for defendant in error:

I.—*Partnership—plaintiff not bound to prove who compose same.*—Code (1891) c. 125, s. 41; 29 W. Va. 410, pt. 1 of syllabus and p. 417 of opinion.

II.—*Partnership confessed—in this case.*—28 W. Va. 417.

III.— *What is part of record?*—25 W. Va. 108, pt. 1 of syl-

labus, pp. 110, 111; 26 W. Va. 49, pt. 4 of syllabus,
opinion p. 53; 26 W. Va. 710, pt. 2 syllabus.

IV.— *Whether partner or not—question of fact for jury.*—17 Am.
& Eng. Enc. Law, 882 a; 1 Lindley on Partnership (2nd
Am. Ed.) bottom p. 112.

V.—*Partnership—bound and estopped from denying it.*—17 Am.
& Eng. Enc. of Law, 879; 1 Lindley on Partnership
(2nd Am. Ed.) bottom pp. 98, 104–6, 108–9.

VI.—*Setting aside verdict.*—21 W. Va. 709, 712, pt. 3 of syl-
labus; 21 W. Va. 741, pt. 2 of syllabus, and 755; 29
W. Va. 421.

Dent, Judge:

The defendant A. H. Harper appeals from a judgment ren-
dered by the Circuit Court of Tucker county against him
and H. H. Taylor in favor of S. A. Moore on the 21st day
of June, 1894, for the sum of three hundred and twenty
four dollars and seventy two cents, on an appeal from a jus-
tice, and assigns the following errors: (1) The amount in
controversy exceeded the jurisdiction of the justice. (2)
The allowing of the declaration of H. H. Taylor to be used
as evidence on the trial to establish the partnership of Har-
per & Taylor. (3) In giving an instruction for plaintiff.
(4) In not setting aside the verdict, and in not granting a
new trial.

The amount the plaintiff is entitled to recover, exclusive
of interest and costs, determines the amount in controversy,
and not the amount of the notes sued on. This is shown
both by the judgment of the justice and the verdict of the
jury to have been within the justice's jurisdiction. Code,
c. 50, s. 8. As to the second error, the circuit court ex-
pressly instructed the jury that in arriving at a verdict it
was not to consider the declarations of H. H. Taylor in so
far as the defendant Harper was concerned, and it does not
appear in any way that the defendant Harper was preju-
diced by such declarations. The court must be allowed
some discretion, and the jury given credit for some power
of discrimination in all trials. And the language of the in-
struction asked by the plaintiff and given by the court ex-
cludes all idea of any reliance on the declarations of Taylor

to sustain plaintiff's case against the defendant Harper. The instruction is as follows, to wit: "Plaintiff's instruction No. 1. The court instructs the jury that if they believe from the evidence that the defendant A. H. Harper told the plaintiff, Moore, that he was in partnership with the defendant Taylor, and, relying upon the statement, said Moore took the notes sued on, then the said Harper as well as the defendant Taylor is liable, and they should find against both of the defendants, although the jury may believe from the evidence that there was in fact no partnership between Harper and Taylor." The objection to this instruction is that there was no evidence to sustain it, and that it does not propound the law. The plaintiff states in his evidence that, after he had bargained with Taylor to sell the goods to the prospective firm of Harper & Taylor, Mr. Harper had a conversation with him, in which he said: "Did you skin us very much in the invoices? I have gone in partners with Mr. Taylor, and I want a fair, square invoice. I have bought half of this stock down there. What do you think it is worth? I paid Mr. Taylor six hundred dollars for it. Mr. Taylor and I will pay this jointly," This is certainly sufficient evidence to justify the instruction, and it just as certainly propounds the law; for, if the defendant Harper held himself out as a member of the firm, he is liable to the payment of such debts as were contracted on the faith of his representations, even though there was no such partnership, for by his conduct, to the extent of such debts, he is estopped from denying the partnership. 17 Am. & Eng. Enc. Law, p. 879; *Jacobs* v. *Shorey,* 48 N. H. 100. In the latter case it is held that: "Persons may be made liable as partners, as far as third persons are concerned, by conversations, assertions, admissions, and acts tending to show that they are such, although such evidence might be insufficient to prove a partnership as between the parties themselves." *Bowie* v. *Maddox,* 29 Ga. 285; *Drumright* v. *Philpot,* 60 Am. Dec. 738; *Burr* v. *Byers,* 52 Am. Dec. 239; *Crozier* v. *Kirker,* 51 Am. Dec. 724; *Allen* v. *Dunn,* 33 Am. Dec. 614. The evidence being contradictory, the witnesses numerous, and it not appearing that the verdict of the jury is plainly contrary to the weight

of the evidence, this Court will not reverse the judgment and set aside the verdict of the jury. *Akers* v. *De Witt*, 41 W. Va. 229 (23 S. E. 669); *Johnson* v. *Burns*, 39 W. Va., 658 (20 S. E. 686).

It is a well established rule that when one of two innocent persons must suffer by reason of the misconduct of a third, the burden must fall on that one whose conduct enabled such third person to perpetrate the wrong complained of, or secure a credit to which he was not as an individual entitled. It seems to me that, as soon as Harper made up his mind not to become a member of the proposed firm of Harper & Taylor, he should have at once taken steps to ascertain all dealings on his credit, especially as to the original purchase money of the store purchased of Moore, and notified Moore of the fact, regarded himself as surety for Taylor, and required Moore to at once proceed and make his money; and then, if the latter had given Taylor time, it would have released Harper. But he seems to have entirely neglected his duty in this respect, and not regarded the effect that his conduct, admissions, and conversations might have on those dealing with Taylor as a prospective member of the firm of Harper & Taylor. It is true, he claims that he did not know, either before or afterwards, that Taylor had executed the notes to Moore in the firm name of Harper & Taylor. This, however, was one of the things he was under a legal obligation to guard against after he had once permitted himself to be held out as a prospective member of the firm. His change of mind should have been promptly brought to the attention of those having dealings with Taylor on the strength of his credit. In this manner all future responsibility would have been avoided, and he could have limited the time of his liability on the notes in controversy.

The court below having found against the defendant's contention, there is nothing in the record that authorizes this Court to interfere with such finding. The judgment of the Circuit Court will therefore be affirmed.