# CHARLESTON.

A. S. REYNOLDS, *Trustee, etc. v.* S. R. MILLER *et als., etc.*

(No. 5605)

Submitted October 12, 1926.   Decided October 19, 1926.

1. JUSTICES OF THE PEACE—*Justice of the Peace is Without Jurisdiction of Civil Action to Recover Possession of Personal Property, Whose Value as Laid in Summons Exceeds $300, Exclusive of Interest and Costs (Const. art. 8, § 28; Code c. 50, § 8).*

   The jurisdiction of a justice does not extend to a civil action for the recovery of the possession of personal property where the value of the property laid in the summons exceeds three hundred dollars, exclusive of interest and costs.   (p. 368.)

   (Justices of the Peace, 35 C. J. § 80.)

2. SAME—*In Action to Recover Personal Property, Amount Named in Summons Determines Jurisdiction of the Justice.*

   In such action the amount named in the summons determines jurisdiction.   (p. 368.)

   (Justices of the Peace, 35 C. J. § 85.)

3. COSTS—*When Appellate Court Reverses Judgment in Action to Recover Possession of Personal Property for Want of Jurisdiction in Lower Court, it Can Render Judgment for Costs in Appellate Court.*

   Where the appellate court reverses such action for want of jurisdiction in the lower court, it has jurisdiction and power to render a judgment for the costs of the suit in the appellate court.   (p. 369.)

   (Costs, 15 C. J. § 602.)

   (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of Syllabi.)

Error to Circuit Court, Roane County.

Detinue by A. S. Reynolds, trustee, against S. R. Miller and others, begun before a justice of the peace. Plaintiff recovered judgment in justice and circuit court, and named defendant and D. C. Miller bring error.

*Reversed and dismissed.*

*Wm. S. Ryan* and *Thos. P. Ryan* for plaintiffs in error.

*Harper & Baker* and *Grover F. Hedges* for defendant in error.

WOODS, JUDGE:

This is an action in detinue, instituted before a justice of the peace, for recovery of a certain Chevrolet one-ton truck, of the value of $350.00, and $25.00 damages for the detention thereof, and, if the recovery thereof cannot be had, then that the plaintiff recover $350.00 and costs, and damages as aforesaid, for the detention thereof. The case was tried before the justice of the peace, and later on appeal in the circuit court, being defended in each instance, but without any formal pleas being filed by the defendant. Each hearing resulted in judgment for the plaintiff.

At the threshold of the case we are met with the question of jurisdiction. Our Constitution provides that the civil jurisdiction of a justice of the peace shall extend to actions of assumpsit, debt, detinue and trover, if the amount claimed, exclusive of interest does not exceed three hundred dollars. Art. VIII, §28, Const. of W. Va. Based on this constitutional provision, our statute provides that the jurisdiction of justices within their several districts and counties shall extend to all civil actions for the recovery of money, or the possession of property, including actions, which damages are claimed for compensation for injury or wrong; provided the amount of money or damages, or the value of the property claimed, does not exceed three hundred dollars, exclusive of interest and costs. Code, Ch. 50, §8. The summons in a justice's court, like the writ in a court of record, must be looked to in order to determine the question of jurisdiction. *Mitchell* v. *Davis,* 73 W. Va. 352; *Richmond* v. *Henderson,* 48 W. Va. 389; *Moore* v. *Harper,* 42 W. Va. 39; *State* v. *Lambert,* 24 W. Va. 399; *Todd* v. *Gates,* 20 W. Va. 464. In determining such jurisdiction, the amount claimed in the summons, and not the damage shown by the testimony, must control. *Stewart* v. *Railroad Co.,* 33 W. Va. 88. Tested by these rules, it is apparent that the justice was without jurisdiction in this case. The justice having no jurisdiction to determine the case, it is settled law that an appeal from a judgment of such inferior court does not confer upon the circuit court a jurisdiction not possessed

by the former, though it may have had authority in the first instance to adjudicate the matter in controversy in its entirety. *Brotherton* v. *Robertson,* 85 W. Va. 753. The question of the lack of jurisdiction seems to have been raised for the first time in this case in this Court in the petition for a writ of error. The point was likewise urged by defendants in their brief. Counsel for plaintiffs in their brief admit that from the inception of this case to the present time, that no court has had jurisdiction to do or determine anything respecting the subject matter involved. Facing the fact that this case must be dismissed the only question remaining for us to decide is the matter of costs.

The federal courts uniformly deny power in the courts to award costs on dismissing for want of jurisdiction. This applies to the appellate courts as well as the lower courts. *Citizens Bank* v. *Cannon,* 164 U. S. 319; *Hornthall* v. *Keary,* 9 Wallace 560; *Inglee* v. *Coolidge,* 2 Wheat. 363; *Strader* v. *Graham,* 18 Howard 602. In *Bice* v. *Telephone Co.,* 62 W. Va. 521, after reviewing all the authorities, both federal and state, this court held that, where an appellate court dismisses an appeal for want of jurisdiction, it has no jurisdiction or power to render a judgment for the costs of the suit. This decision proceeds on the theory that the court has no jurisdiction to award costs any more than to award damages or any other relief on the merits when the case is not legally before it. This case is relied on by defendant in error to sustain its position that this court has no power to award costs in the appellate court. But this case is without application here. The Court there said: "Some apparent exceptions, as well as some actual ones, are recognized by all courts, and, in some jurisdictions, the rule is not observed at all. * * * And, when the appellate court reverses for want of jurisdiction in the lower court, appellate court costs are allowed. *Ferguson* v. *Millender,* 32 W. Va. 30; *Freer* v. *Davis,* 52 W. Va. 1; *Gaylords* v. *Kelshaw,* 1 Wall, (U. S.) 81; *Railroad Co.* v. *Swan,* 111 U. S. 462; *Assessors* v. *Osborn,* 9 Wall. (U. S.) 567; *Montalet* v. *Murray,* 4 Cranch (U. S.) 46.'' In the instant case this Court has

jurisdiction to review the judgment of the lower court on writ of error. In consonance with the authorities last quoted, the justice having no jurisdiction to. entertain the case, and the appeal to the circuit court not conferring upon that court a jurisdiction not possessed by the former, the judgment of the circuit court must be reversed and annulled for want of jurisdiction, and costs in the appellate court will be awarded the plaintiff in error.

*Reversed and dismissed.*