P. L. Beirne and J. C. Beirne, *Partners doing business as*
Barren Creek Coal Company *v.* P. W. Snyder

(No. 7799)

Submitted February 14, 1934.   Decided March 6, 1934.

*Emmett Horan* and *England & Ritchie,* for appellants.
*Barnhart & Trotter,* for appellee.

Maxwell, Judge:

This is an appeal from a decree of the circuit court of
Kanawha County sustaining a demurrer to a bill and dis-
missing it.

The plaintiffs were tenants under a lease, and, falling in
arrears in the payment of rent, the landlords caused a distress
warrant to be issued by a justice of the peace and a levy there-
under to be made by a constable upon personal property of
the lessees.   The personal property thus seized was adver-
tised and sold publicly by the constable, at which sale the
defendant became the purchaser.   By this suit the plaintiffs
seek to have said proceeding held for naught, to enjoin the
defendant from the removal of any more of said personal
property from the leasehold, and to require him to replace such
of said personal property as he has already removed.   The
plaintiffs allege certain irregularities in the distress as basis
of their suit.

As a general rule equity does not have jurisdiction in such circumstances as there is complete remedy at law. *Hancock* v. *Whitehall,* 100 Va. 443, 41 S. E. 860; *Mayo* v. *Winfree,* (Va.) 2 Leigh 370. "Even if the landlord should distrain property as being fraudulently removed from the premises, and should not shew that it was so fraudulently removed, nor that the distress was levied within the time allowed by law, nor that the property ever was on the demised premises, the tenant ought not to seek his redress in a Court of Equity, but by damages at law." *Davis* v. *Payne,* (Va.) 4 Rand. 332.

If the plaintiffs' rights were violated, they should have vindicated them at law where remedies, full, adequate and complete for the purpose are afforded. No reason appears in this case why the plaintiffs did not so proceed. The simple and time-honored method available for lessees in such circumstances is to give a forthcoming bond and then in defense of an action thereon to raise such matters as operate to challenge the right of the landlord under the distress proceedings. *Hedrick* v. *Pack,* 105 W. Va. 540, 545, 143 S. E. 309; *Anderson* v. *Henry,* 45 W. Va. 319, 324, 31 S. E. 998; Hogg's Treatise and Forms, section 760. This procedure was changed by chapter 80 of the Acts of the Legislature of 1925, amending and re-enacting section 10 of chapter 93 of the Code of 1923, but by the Code of 1931, 37-6-12, the amendment of 1925 is eliminated and the section is re-established as it appeared in the Code of 1923.

The fact that the amount laid in a distress warrant exceeds $300.00, which is the limit of jurisdiction of justices in civil matters, is not material, because a distress warrant does not operate as a writ to initiate a proceeding for juristic determination of the rights of the parties. There can be no trial on such warrant. *Anderson* v. *Henry,* supra, page 323. In line of this thought, attention should also be given to a new subsection of Code 1931, 50-2-1, defining the general jurisdiction and authority of justices of the peace, which said sub-section expressly vests in justices jurisdiction "of actions to recover rent as provided in article 6, chapter 37 of this Code." That article provides, *inter alia,* for the issuance of distress warrants by justices of the peace. The amount of the rent claimed has no bearing on the justice's authority to issue the warrant.

Of course, however, if a forthcoming bond be given by the tenant after his goods have been seized, an action on such bond may not be brought before a justice, if the amount in suit be more than $300.00. While Art. VIII, sec. 28, West Virginia Constitution, which limits the jurisdiction of justices to $300.00 authorizes the legislature to vest in them such additional powers as seem expedient, the same section contains the specific limitation that "in suits to recover money or damages, their (justices') jurisdiction and powers shall in no case exceed three hundred dollars." In an action on a bond it is the amount claimed and not the penalty of the bond which determines a justice's jurisdiction. *State ex rel.* v. *Lambert,* 24 W. Va. 399. This is in accord with the general rule that the amount named in the summons determines the jurisdiction. *Reynolds* v. *Miller,* 102 W. Va. 367, 135 S. E. 280. The new Code makes this plain: "The amount named in the summons shall determine the jurisdiction of a justice in a civil action * * *." Code 1931, 50-2-7.

But the giving of a forthcoming bond and defense of an action thereon is not the only avenue open to a tenant whose goods have been seized under a distraint for rent. He has right of action for damages. Code 1931, 37-6-15; 55-7-3.

Being of opinion that the trial chancellor was plainly right in sustaining the demurrer to the bill and dismissing the same for want of equity, we affirm the decree.

*Affirmed.*