VIRGIL KIEFFER KINCAID *v.* ARTHUR VINSON *et al.*

(No. 9181)

Submitted February 18, 1941. Decided March 11, 1941.

150

*John J. Hamrick,* for petitioner.
*Thomas West,* for respondents.

Lovins, Judge:

On December 31, 1940, Virgil K. Kincaid filed his petition in prohibition, original jurisdiction, seeking to prohibit Arthur Vinson, Ezra Knight, a justice of the peace, and John Moore, constable, from proceeding further in the collection of a portion of petitioner's wages under a suggestee execution served upon petitioner's employer, unless the personal effects of petitioner, including wages, exceed the exemption provided by the Constitution of this State. On January 20, 1941, this Court entered a rule to show cause, directed to the respondents above mentioned.

The following facts appear from the petition and exhibits. On September 11, 1937, Vinson recovered a judgment against Kincaid in the amount of three hundred dollars and costs before Earl Sturm, a justice of the peace in Cabell County. Kincaid's automobile had been attached upon the institution of the action, but was released, after a compromise, whereby payments of twenty-five dollars per month were to be made in satisfaction of the judgment. On the 25th day of May, 1940, a suggestee execution was issued by Knight, Sturm's successor, at the request of

Vinson, directed to Kincaid's employer, the Chesapeake and Ohio Railway Company, and duly served thereon by Constable Moore. Kincaid is paid twice a month by the Railway Company and his salary amounts to from ninety to ninety-five dollars per month, depending upon the hours of work. Claiming the exemption of personal property to which a married man is entitled by the Constitution of this state, Article VI, section 48, Kincaid filed several schedules under oath with the justice, after the service of the suggestee execution, delivering a copy of each to his employer, which showed that on each pay day his personal effects, including wages accrued, amounted to from ninety-five to one hundred dollars. The last of these schedules was filed on December 9, 1940. No appraisement was demanded by the judgment creditor, nor was there a contest over the schedule of personal property as provided for by Code, 38-8-4 and 5. The justice and the constable, however, failed and refused to recognize the schedules of exemption filed by Kincaid, and the employer has been deducting twenty per cent of Kincaid's wages each pay day since service of the suggestee execution and sending that amount to the justice in reduction of the judgment. Contending that Code, 50-13-13 and 14 require an affidavit and bond to be filed by the judgment creditor before a suggestee execution can issue, Kincaid seeks to prohibit further proceeding under this suggestee execution.

It is further asserted in the brief that Acts 1939, Chapter 67, which provided the method for a suggestee execution on wages of private employees, did not repeal the requirements of Code, 50-13-13 and 14, unless by implication. Respondents argue that petitioner has a remedy by Code, 38-8-8, against the constable who fails to release personal property where there has been a proper exemption schedule filed and no contest claimed; and further that prohibition does not lie against the constable, a purely ministerial officer.

Respondents filed a demurrer and motion to quash and an answer; petitioner filed a replication and demurrer to the answer. The questions are presented clearly, however, by a stipulation of counsel appearing in the record which

accepts the allegations of the petition as true, but challenges their sufficiency as justifying the relief sought.

Chapter 67, Acts 1939, adds Articles 5A and 5B to Chapter 38 of the Code. By the express terms of section 2 of Article 5A, the salary or wages payable to any person engaged in private employment shall be subject to suggestion by judgment creditors "only as provided by this article." Prior to the enactment of Article 5B, the salary or wages of a person engaged in public employment were not subject to suggestion. Therefore, by this amendment, salary or wages, whether for private or public employment, can be made subject to suggestion only as provided in Articles 5A and 5B, and Code, 50-13-13 and 14, and any other sections of the Code whereby wages are made subject to suggestions on judgments are superseded and repealed by Chapter 67 of the Acts of 1939. The enactment, however, in section 9 of Article 5A and section 12 of Article 5B recognizes the provisions of Article 8, Chapter 38 of the Code, providing for the exemption of personal property from levy, as guaranteed by Constitution, Article VI, section 48. Section 9 also provides that the exemption may be claimed for sums currently accruing but must be asserted anew as to salary or wages which shall begin to accrue after the next payment date, therefore requiring a new schedule for each pay day, if wages are included in the exemption claimed. The statutory regulations for the assertion of an exemption of personal property from levy are exclusive. *Hatfield ex rel. Rose v. Cruise et al.,* 121 W. Va. 742; 6 S. E. (2d) 243.

By the stipulation mentioned, the parties agreed that the facts are as stated in the petition, and nowhere therein does it appear that an execution issued against the judgment debtor, or that satisfactory proof by affidavit or otherwise of its issuance and return was made by the judgment creditor upon his application for the suggestee execution, as required by section 3 of Article 5A. By section 3, "the return of an execution wholly or partly unsatisfied" is made the basis of the procedure for issuance of the suggestee execution; further therein, it is provided that "the execution and the expenses thereof shall become a

lien and continuing levy upon the salary or wages due or to become due to the judgment debtor." The petition merely alleges that the suggestee execution was issued "at the request of Arthur Vinson * * * on said purported judgment." The transcript of the justice's docket, appearing with the petition, does not show that an execution was issued on the judgment. This procedure, we believe, was insufficient and not in compliance with the statute requiring an execution wholly or partly unsatisfied, and even a liberal construction of the article, as contemplated by section 13 of Article 5A, will not permit such an omission.

We are, therefore, of the opinion that the justice of the peace exceeded his legitimate powers in issuing the suggestee execution on the judgment at the request of the judgment creditor, and that prohibition will lie to prevent further action thereunder. The writ will lie as to the justice and the judgment creditor, *State ex rel. Noce* v. *Blankenship*, 93 W. Va. 273, 116 S. E. 524; *Kump* v. *McDonald*, 64 W. Va. 323, 61 S. E. 909; *Armstrong* v. *County Court*, 15 W. Va. 190; *Mayo* v. *James*, 12 Gratt. 17, 23; III Blackstone's Com. 113.

The writ peremptory will be awarded.

*Writ awarded.*