Shelby Bartrom *v.* Thomas Howard and E. E. Knight, *Justice of the Peace.*

(No. 9277)

Submitted October 14, 1941. Decided November 4, 1941.

*John J. Hamrick,* for petitioner.

Kenna, President:

This rule in prohibition was issued upon the petition of Shelby Bartrom alleging, in part, a similar state of facts as that involved in the proceeding of Dorothy Harshbarger against A. B. Cowgill, the opinion in which has just been

handed down. In the Harshbarger proceeding, this Court stated that Chapter 74 of the Acts of the Legislature of 1939 limits the costs that may lawfully be assessed by a justice of the peace in a garnishee execution proceeding to a total of five dollars and the cost of a constable to one dollar and fifty cents. Here, the costs of the justice are assessed at six dollars and those of the constable, including commission, at three dollars and forty-five cents, both exceeding the statutory limit. Since excessive costs were discussed in the Harshbarger case, we do not regard it as necessary to go further than to say that the same principles applicable in that proceeding are also applicable here, and that the peremptory writ will therefore issue.

There is, however, an additional question involved in this proceeding. The action before the justice in which the costs were assessed was one of unlawful detainer, and in the summons the damages claimed by the plaintiff were specified to be seventeen dollars and eighty-six cents. In the justice's judgment, the damages included were twenty-four dollars and twenty-one cents, or seven dollars and sixty-five cents in excess of the amount claimed in the summons.

There is no apparent reason for differentiating between an action of unlawful detainer in the court of a justice of the peace and any other civil proceeding that a justice may entertain, in the form of summonses, subpoenas, etc. The amount named in a summons returnable before a justice of the peace has always limited the jurisdiction of the justice in a certain case to the sum stated. Code, 50-2-7; *Reynolds* v. *Miller,* 102 W. Va. 367, 135 S. E. 280; *Beirne* v. *Snyder,* 114 W. Va. 691, 693, 173 S. E. 570. It is elementary that a defendant is entitled to be fully informed as to the nature and the amount of the complaint that he is summoned to answer. He then knows to a degree of certainty whether the amount involved and the justice of the claim is or is not sufficient, under all the circumstances, to require him to appear before the justice or to employ counsel. We believe that it is quite apparent that in an ordinary civil proceeding, the justice could not issue his summons stating that the amount involved was

nine dollars and then render judgment for two hundred and ninety-nine dollars based upon its service. That exaggerated difference is illustrative of the principle involved here.

We do not wish our likening a proceeding in unlawful detainer to other civil proceedings before a justice of the peace to be looked upon as ignoring some of the very plain differences that this Court has formerly recognized. Code, 50-11-9, provides expressly that the laws applicable to civil proceedings before a justice shall also apply to proceedings in unlawful detainer in so far as they are applicable. Due to plain statutory distinction, this Court has heretofore held that in an appeal the amount of damages named in a justice's summons in unlawful detainer proceedings does not restrict the amount of the jurisdiction of the appellate court, and that for damages or rent accruing since the proceeding was instituted before the justice, the jurisdiction of the appellate court is not restricted to the three-hundred-dollar maximum jurisdiction of a justice of the peace. *State* v. *Black,* 91 W. Va. 251, 112 S. E. 497; *Pythian Lodge* v. *Smith,* 94 W. Va. 718, 724, 120 S. E. 895. There are other ways in which an unlawful detainer proceeding departs from the law and practice usually governing civil proceedings before a justice of the peace. However, we have not been able to find any justification for not confining the jurisdiction of a justice to the amount named in the summons as the claimed damages, and since we regard it as entirely practical to restrict the jurisdiction of a justice to the property described and the amount claimed, the peremptory writ will therefore issue for this reason as well as because of the excessive costs claimed.

*Writ awarded.*