GEORGE I. RORRER *v.* IDA MURPHY *et al.*

(No. 9243)

Submitted January 14, 1942. Decided February 3, 1942.

*Jean F. Smith,* for petitioner.

LOVINS, JUDGE:

This is an original proceeding in prohibition, wherein George I. Rorrer seeks a writ prohibiting the enforcement of a suggestee execution issued by Carl S. Mynes, Justice of the Peace, Cabell County, based upon a judgment rendered against Rorrer and in favor of Ida Murphy. This Court awarded a rule, returnable September 3, 1941, against Mynes, Ida Murphy and John Bond, Constable. No answer has been made to the rule, and there has been no appearance by any of the respondents.

Petitioner asserts that enforcement of the suggestee execution should be prohibited, because it was issued in the absence of a return of an execution on the judgment wholly or partly unsatisfied, and, further, the costs sought to be collected by means of the suggestee execution are in excess of those authorized by statute.

From the allegations of the petitioner's verified petition and exhibit filed therewith, it appears that an uncontested judgment in the amount of twenty-eight dollars, fifty-seven cents and costs of eleven dollars, eighteen cents was rendered against petitioner; that thereafter Mynes issued a suggestee execution on said judgment, directed to The Chesapeake & Ohio Railway Company, by whom petitioner is employed; and that said John Bond, Constable, executed the suggestee execution on the employer. The petition further alleges that no execution on said judgment has been issued and returned and that by reason thereof the Justice of the Peace was without authority to issue the suggestee execution. On the face of the exhibit filed with the petition, which appears to be a duplicate original of the suggestee execution, it is recited that judgment was for the sum of twenty-eight dollars, fifty-seven cents and four dollars, seventy-five cents costs, and that there is now due the sum of nine dollars, seventy-five cents. On the back of the exhibit costs are itemized thus: Justice—six dollars, fifty cents; Constable—three dollars; Commissions—one dollar, forty-three cents; Notice—twenty-five cents, which aggregate the sum of eleven dollars, eighteen cents.

Prior to the enactment of Chapter 67, Acts Legislature, 1939, there was no process known in this State as suggestee execution, and the procedural steps prerequisite to issuance of such process appear therein. One of these is that an execution must be returned wholly or partly unsatisfied. *Kincaid v. Vinson,* 123 W. Va. 149, 14 S. E. (2d) 266. In the instant case this was not done. As a consequence, the Justice of the Peace had no jurisdiction to issue a suggestee execution, and in so doing he assumed a power and jurisdiction which he did not have.

Chapter 74, Acts of Legislature, 1939, imposes specific limitations upon the charges to be made by justices of the peace and constables in civil cases. By such enactment, the maximum costs which such officers may charge in an uncontested case are four dollars, fifty cents and one dollar, fifty cents, respectively, and there is an express inhibition against charging fees greater than those therein authorized. We must conclude, therefore, that the charges of eleven dollars, eighteen cents adjudicated as costs were in excess of the statutory authorization, and since the power to enforce collection of such costs is incidental to the power to assess them, it would seem to be fundamental that where there is want of authority in the assessment thereof, there is a corresponding lack of power to enforce the collection of such excessive costs. Hence, a suggestee execution may not be used as a means for the collection of costs assessed by a justice of the peace which exceed the limitation found in the statute. *Harshbarger v. Cowgill,* 123 W. Va. 667, 17 S. E. (2d) 325; *Bartrom v. Howard,* 123 W. Va. 670, 17 S. E. (2d) 326.

The cases involving the unlawful assessment of costs by justices of the peace which have been considered by this Court recently impel the admonition that justices of the peace, who are the beneficiaries of their official acts in the matter of fixing fees, should be meticulous not to attempt to enrich themselves unjustly at the expense of litigants.

Consonant with the foregoing principles, we award the peremptory writ.

*Writ awarded.*